UNITED STATES of America,
Plaintiff,

v.

WORLD TRANSPORT, LTD., Astoria Steamship Agency, Inc., Global Maritime Agencies, Inc., Allobrogia Steamship Corporation, also known as Patrick Steamship Corp., in personam,

and

SS ST. PATRICK, her engines, boilers, tackle, etc., in rem, Defendants.

No. 70 Civ. 4172.

United States District Court,
S. D. New York.

Feb. 5, 1971.

Whitney North Seymour, Jr., U. S. Atty., Louis E. Greco, New York City, Attorney in Charge Admiralty & Shipping Section, U. S. Department of Justice, for plaintiff; Janis G. Schulmeisters, New York City, of counsel.

Galland, Kharasch, Calkins & Brown, New York City, for defendant Allobrogia Steamship Corp., David S. Brown, Michael E. Timm, New York City, of counsel.

Brady, Tarpey & Joyce, New York City, for defendants World Transport, Ltd., Astoria Steamship Agency, Inc., Global Maritime Agencies, Inc.

## OPINION

EDWARD WEINFELD, District Judge.

■ The United States of America, as the owner of the Commodity Credit Corporation (hereafter "CCC"), is entitled to assert a claim for alleged damages to the grain shipment in question, which was donated for charitable purposes by the CCC to the Church World Service, a voluntary agency, for distribution in India, pursuant to 7 U.S.C. sections 1721–1725. The shipment was transported aboard the SS St. Patrick, allegedly owned by Allobrogia Steamship Corporation, also known as Patrick Steamship Corp., a defendant herein. The regulations promulgated under the Act provide that in the event of damage to a shipment for which a carrier is responsible, the voluntary agency must return to the CCC the net amounts collected or, if it is unable to effect collection, "the rights of the voluntary agenc[y] * * * shall be assigned to CCC * * *."[1] In the factual circumstances here presented, the government is more than an assignee—it is the real party in interest seeking a recovery for the alleged damages to the grain shipment, and as such is entitled to avail itself of New York's CPLR, section 303.[2]

Accordingly, service of process thereunder upon the attorney who appears for and represents Allobrogia Steamship Corporation as plaintiff in the State Supreme Court action, also involving the grain shipment here in suit and wherein Church World Service is a defendant, was proper and sufficient to vest in personam jurisdiction over Allobrogia. The motion to quash service of process is denied.

■ As to the defendant's alternative motion to dismiss this action as time barred, the papers are "confusion worse confounded." As much appears to be admitted by the defendant's attorney, who states "that the John Batson/T. Gramanidis complex of companies has succeeded in creating confusion is apparent"; he also refers to the government's position as an attempt "to weave an intricate and speculative chain through the various charter parties and bills of lading to tie Allobrogia to the John Batson/T. Gramanidis complex of companies." Thus, entirely apart from plaintiff's contention that agreed upon extensions of time to sue tolled the limitation period, the otherwise complicated fact situation, which here defies a precise definitive statement by the lawyers of the interrelationships of the various parties centering about essential documents, precludes granting the defendant's motion to dismiss the action as time barred. That branch of the motion is also denied.

1. 22 C.F.R. § 211.9(c) (2) (ii) *(d)*.

2. This section provides: "The commencement of an action in the state by a person not subject to personal jurisdiction is a designation by him of his attorney appearing in the action or of the clerk of the court if no attorney appears, as agent, during the pendency of the action, for service of a summons in any separate action in which such a person is a defendant and another party to the action is a plaintiff if such separate action would have been permitted as a counterclaim had the action been brought in the supreme court."