**UNITED STATES of America, Plaintiff,**

v.

**Bartholomew BUIGES and Youth in Government, Defendants.**

No. 80 Civ. 7005.

United States District Court,
S. D. New York.

Oct. 30, 1981.

John S. Martin, Jr., U. S. Atty., New York City, for plaintiff; Harvey J. Wolkoff, Asst. U. S. Atty., New York City, of counsel.

Iannuzzi, Russo & Iannuzzi, New York City, for defendant.

MEMORANDUM AND ORDER

OWEN, District Judge.

The United States instituted this lawsuit pursuant to the False Claims Act, 31 U.S.C. § 231 *et seq.*, to recover a sum of money it paid to defendant Youth in Government

("YIG") under what the government alleges was a false claim filed with the Department of Agriculture by defendants YIG and Bartholomew Buiges. The defendants counterclaimed for an amount they allege the government owes them but has wrongly withheld. The government now moves to dismiss defendants' counterclaim on the ground that it is barred by sovereign immunity. Defendants oppose the government's motion and, in the alternative, request that the entire case be transferred to the Court of Claims.

YIG is a corporation, of which Buiges is the Chairman and controlling officer. YIG entered into a contract with the Agriculture Department, pursuant to the National School Lunch Act, 42 U.S.C. § 1751 *et seq.*, to provide free lunches to impoverished children living in Harlem.

On August 29, 1975, Buiges, on behalf of YIG, submitted a claim to the Department of Agriculture for more than $327,000 in payment for providing nearly 331,000 lunches during June, July, and August of 1975. The government allegedly paid YIG about $143,000 of that amount. After conducting an audit and an investigation of YIG's business, the government concluded that YIG had greatly overstated the number of lunches it had served and inflated the amount of reimbursable expenses it claimed. The government's complaint alleges that YIG was entitled to a total of only $92,000 for the lunches it actually provided and its allowable expenses and that, consequently, YIG already has collected nearly $51,000 more than the amount to which it is entitled.

Presumably upon consideration of the government's evidence, a grand jury returned an indictment against Buiges and several of YIG's putative employees. Buiges was convicted after a jury found him guilty on all three counts of the indictment, namely, filing false claims against the United States, aiding and abetting in the filing of false claims against the United States, and conspiracy to defraud the United States, 18 U.S.C. §§ 2, 287, 371. Buiges was sentenced to two years incarceration followed by two years probation. His conviction was affirmed on appeal. *United States v. Buigues [sic],* 568 F.2d 269 (2d Cir. 1978).

This action and Buiges counterclaim followed. The United States now contends that the counterclaim must be dismissed because the government is immune from such a suit in the district court. The United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976), quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).

Such an express waiver of immunity is found in the Tucker Act, 28 U.S.C. § 1346(a)(2), which authorizes contract actions against the government in the district courts limited, however, to claims not in excess of $10,000. This court therefore lacks subject matter jurisdiction over defendants' $184,000 counterclaim. The Court of Claims, however, does have power to hear defendants' claim since the Tucker Act confers jurisdiction on that court over contract actions against the government without regard to the amount in controversy, 28 U.S.C. § 1491. Clearly then, it is there that defendants must look to litigate their claim.

Anticipating this conclusion, defendants alternatively request that the court transfer the entire lawsuit to the Court of Claims to be tried in one proceeding. The United States opposes the transfer of its claim, contending that only the district court has jurisdiction over a cause of action arising under the False Claims Act. It is true that Congress has conferred on the district courts "full power and jurisdiction to hear, try, and determine" False Claims Act cases, 31 U.S.C. § 232(A), and that the government could not have filed its action anywhere but in this court. However, the potential waste of judicial resources is obvious where both claims arise from the same transaction and involve common issues of fact.

I conclude therefore that the appropriate course is to transfer the entire action to the Court of Claims. This court is authorized, in the interest of justice, to transfer to the Court of Claims cases filed in the district court which are within the exclusive jurisdiction of the Court of Claims. 28 U.S.C. § 1406(c). This is true even if a particular case consists of one cause of action within the exclusive jurisdiction of the Court of Claims and another cause of action that is not within its jurisdiction, as long as the claims arise from one transaction. *A. L. Rowan & Son, General Contractors, Inc. v. Department of Housing and Urban Development*, 611 F.2d 997 (5th Cir. 1980); *cf. Marine Transport Lines, Inc. v. United States* 139 F.Supp. 301 (Ct.Cl.), *set aside on other grounds*, 146 F.Supp. 222 (Ct.Cl.), *cert. denied*, 352 U.S. 935, 77 S.Ct. 227, 1 L.Ed.2d 163 (1956). Moreover, the Court of Claims has power to determine any counterclaim set up by the United States in an action properly brought against it in that court, 28 U.S.C. § 2508, and to award damages to the government even if the plaintiff's primary action fails. *T. F. Scholes, Inc. v. United States*, 357 F.2d 963 (Ct.Cl.1966). Thus, if defendants herein had filed their action in the Court of Claims prior to the United States bringing its action here, both the claim and the government's counterclaim could have been heard in the Court of Claims together with only a nominal difference: the labels on the parties' respective causes of action would have been reversed.

Thus, concluding that transfer of the entire action to the Court of Claims is not only authorized but is in the interest of justice, 28 U.S.C. § 1406(c), the government's motion to dismiss is denied, and all claims before this Court are transferred to the Court of Claims.

Submit order on notice.