**Robert W. RAINES and Donna J. Raines, Plaintiffs,**

v.

**John R. BLOCK, in his official capacity as Secretary, United States Department of Agriculture, et al.**

**Civ. A. No. 84–K–997.**

United States District Court, D. Colorado.

Dec. 6, 1984.

A. Gary Bell, Jr., Bell & Pollock, P.C., Littleton, Colo., for plaintiffs.

Steven D. Taylor, Asst. U.S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiffs' claims arise out of various dealings with officials of the United States Department of Agriculture. Principle among these dealings is a contract entered into on March 10, 1983, between Robert W. Raines and the Department. Under the terms of the contract plaintiffs destroyed certain acres of growing wheat, thus removing their land from agricultural production. In exchange for not producing wheat, plaintiffs were to receive a specified quantity of wheat known as "payment in kind."

After entering the contract, there arose a dispute as to the amount that should be paid pursuant to the contract. Plaintiff's allege that the Agricultural Stabilization

and Conservation Service (ASCS) unilaterally reduced the amount of wheat plaintiffs were to receive as payment in kind under the contract. After learning of this change, plaintiffs requested reconsideration of the administrative determination reducing the payment as provided for in 7 C.F.R. §§ 780.3 and 790.

Upon final determination by the ASCS that the dispute would not be resolved in plaintiffs favor, they filed this action on May 14, 1984. The complaint alleges six separate claims for relief as follows: the first claim alleges a breach of contract; the second claim seeks relief under a theory of promissory estoppel; the third claim alleges negligence; the fifth claim, though somewhat obscure, seems to allege violations of civil rights under color of federal law; the fourth claim asserts an unconstitutional taking of property; and, finally, the sixth claim alleges administrative misconduct. Despite these six independent captions all of the plaintiffs claims are essentially grounded in the basic allegations of breach of contract.

Defendants move to transfer the case to the Court of Claims or in the alternative to dismiss the complaint for lack of subject matter jurisdiction. Defendants also move to dismiss the tort claim for lack of subject matter jurisdiction because plaintiffs have failed to comply with the jurisdictional requisites of the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80.

In response to defendants' motion, plaintiffs argue that this court has jurisdiction pursuant to 7 U.S.C. § 1365, 5 U.S.C. § 702 and 28 U.S.C. § 1361. Both sections 1365 of the Agricultural Adjustment Act and 702 of the Administrative Procedure Act provide for equitable review of agency action. Similarly, a petition for a writ of mandamus, for which this court has jurisdiction pursuant to 28 U.S.C. § 1361, prays for an equitable order in the form of relief from agency action.

■ The issues raised in defendants' motion are similar to those analyzed in *S.J. Grove & Sons Co. v. United States*, 495 F.Supp. 201 (D.Colo.1980). In that case I held that a complaint rooted in breach of contract against the United States which sought damages in excess of $10,000 was not cognizable in this court although nominally framed as a petition for administrative review and mandamus. Where the claimant seeks monetary relief from the United States in excess of $10,000 the Tucker Act restricts jurisdiction to the Court of Claims. 28 U.S.C. §§ 1346(a) and 1491. Under the terms of the Tucker Act, the United States has waived sovereign immunity as to certain contract suits only if those suits are filed in the Court of Claims. *Id.; see also Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818, 823 (10th Cir.1981).

Moreover, the limitations of the Tucker Act cannot be avoided by filing suit against individual public officials. Since this suit seeks to obtain resources from the public treasury and seeks to compel the United States to act in a certain way, the action is actually against the United States. *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). Thus, the protections of sovereign immunity and the Tucker Act apply to plaintiffs' claims against officials of the Department of Agriculture.

■ Actions seeking to correct administrative misbehavior do not fall within the limitations of the Tucker Act. *See B.K. Instrument, Inc. v. United States*, 715 F.2d 713, 727–28 (2d Cir.1983). Difficulty often arises in discerning legitimate challenges to agency action from contract claims. *Id.* at 727, *quoting* Wright, Miller & Cooper, Federal Practice and procedure § 4101, at 210 (1978). Where, as here, the gravaman of the complaint is a claim for money damages arising out of breach of a contract, the controversy is not within the jurisdiction of a federal district court. The law clearly provides that the jurisdiction of the Court of Claims cannot be evaded by framing the complaint to seek mandatory or injunctive relief against governmental officials. *See Amalgamated Sugar Co.*, 664 F.2d at 823–24; *S.J. Grove & Sons*, 495 F.Supp. at 204–09. Thus, this court does

not have jurisdiction over plaintiffs' claims for breach of contract, promissory estoppel or abuse of agency discretion.

In addition to the claims asserting breach of contract and abuse of administrative discretion, plaintiffs also posit allegedly independent claims of unconstitutional and tortious conduct. *See, e.g., Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This court could have jurisdiction over such independent claims pursuant to 28 U.S.C. §§ 1331 and 1346(a)(2). However, plaintiff's attempts to allege independent claims sounding in tort and federal common law do not obviate the fact that the genesis of any wrongdoing by the United States was breach of contract. Just as framing the complaint in terms of administrative review cannot be used as a pretext to invoke the jurisdiction of this court, so to structure the claims as constitutional and common law torts cannot destroy the requirement of filing claims for monetary damages in the Court of Claims. Plaintiffs' tort and constitutional claims arise *ex contractu* not *ex delicto*. *See, e.g., Bird & Sons, Inc. v. United States,* 420 F.2d 1051, 1053–54 (Ct.Cl.1970).

Because I find that each of the separate claims outlined in the complaint is grounded in a basic claim of breach of contract, this court does not have jurisdiction. I make no ruling on defendants' second basis to dismiss, whether plaintiffs have met the jurisdictional requisites of the tort claims act.

Accordingly, the United States' motion to transfer is granted. This case is ordered transferred to the Court of Claims.