GULF COAST RICE PRODUCERS ASSOCIATION, R.C. Farrell, Paul Trugold, Rufus Farrell, R.C. Staples, R.C. Farrel, H.D. Johnston, C.J. Christofferson, J.A. Farrell, Wayne Miller, Briscoe Production Co., James Holston, David Le Compte, Jr., Mary F. Le Compte, Richard Le Compte, Hall's Bayou Ranch, V.C. McGinnes, James McRae, Walter Todd, Mark Tomlinson, D.W. Pryor, R.G. Huepers, D.J. Bulant, Donnie Bulanek, Nelson Bulanek, Pat Bulanek, Ronnie Dumfsnil, J.T. Garrett, J.H. Peltier, Robert Peltier, John G. Phillips, III, and Max Wollman & Sons

v.

John R. BLOCK, Secretary of Agriculture, United States Department of Agriculture, Commodity Credit Corporation.

Civ. A. No. G–83–433.

United States District Court,
S.D. Texas,
Galveston Division.

May 8, 1985.

Sam Dawkins, Jr., Houston, Tex., O.C. Hamilton, Jr., McAllen, Tex., for plaintiffs.

Helen Goldberg, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

Before the Court are defendants' motion to dismiss and motion for summary judgment. Plaintiffs, a group of Texas rice producers, instituted this action against the United States Department of Agriculture, Secretary of Agriculture John R. Block, and the Commodity Credit Corp. (CCC), seeking damages for anticipatory breach of contract.

The individual plaintiffs entered into contracts with the CCC in order to participate in the 1983 Rice Payment-In-Kind (PIK) program. Under these contracts, plaintiffs agreed to set aside certain base acreage that would have been used for growing long-grain rice. In return, the CCC would compensate plaintiffs with a determined quantity of long-grain rice, called "payment in kind". Producers would be eligible to receive their PIK at the time they would have normally harvested the commodity. Prior to such time, plaintiffs were advised that they would not receive "long-grain" rice. Instead, payment would be made in "medium-grain" rice which was of a lower quality and market value. Plaintiffs sought redress in this Court, contending that this Court has subject matter jurisdiction pursuant to the Commodity Credit Corporation Charter Act, 15 U.S.C. § 714b. Defendants maintain that since plaintiffs' damage claims undisputedly exceed $10,000.00, they must be brought in the United States Claims Court in accordance with the Tucker Act, 28 U.S.C. § 1346 and § 1491.[1]

The Federal District Court and the Claims Court have concurrent jurisdiction over contract claims not exceeding $10,000.00 against the United States. *See* 28 U.S.C. § 1346(a)(2) and § 1491. When the claim is in excess of $10,000.00, the Tucker Act gives the Claims Court exclusive jurisdiction. *See* 28 U.S.C. § 1491; *Rains v. Block,* 599 F.Supp. 196 (D.Colorado 1984); *U.S. v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

The CCC Charter Act, 15 U.S.C. § 714b, subsection C, as amended in 1949, provides in part that:

"The district courts of the United States ... shall have exclusive original jurisdiction, *without regard to the amount in controversy,* of all suits brought by or against the Corporation. ... Any suit by or against the United States as the real party in interest based

---

**1.** Defendants also allege that plaintiffs failed to exhaust administrative remedies, and that there has been no breach of contract. The Court need not consider these arguments if it dismisses this case for lack of subject matter jurisdiction.

upon any claim by or against the Corporation shall be subject to the provisions of ... this section to the same extent as though such suit were by or against the Corporation, *except that*

(1) *any such suit against the United States based upon any claim of the type enumerated in section 1491 of Title 28, [28 USC § 1491—the Tucker Act], may be brought in the United States Court of Claims, AND*

(2) *no such suit against the United States may be brought in a district court unless such suit might, without regard to the provisions of sections 714 to 714p of this title [15 USCS §§ 714 et seq.], be brought in such court.*[2]

■ The Court holds that the plaintiffs' claims in the case at bar will expend themselves upon the public treasury and, therefore, are indeed against the United States as the real defendant in interest. *Rainwater v. U.S.*, 356 U.S. 590, 78 S.Ct. 946, 2 L.Ed.2d 996 (1958). All capital stock of the CCC is held by the United States, 15 U.S.C. § 714e, and any net gain of the CCC is deposited to the U.S. Treasury, 15 U.S.C. § 713a–12; *Stone v. U.S.*, 286 F.2d 56 (8th Cir.1961). Although Section 714b(c) vests the federal district courts with exclusive jurisdiction of all suits brought by or against Commodity, regardless of the amount in controversy, this broad grant is circumscribed where suit is brought by or

against the United States as the real party in interest. In such a case, "no * * * suit against the United States may be brought in a district court unless such suit might, without regard to the provisions of this ... title [the CCC Charter Act] be brought in such court." 15 U.S.C. § 714b(c). The Court holds that this exception serves to limit the federal district court's jurisdiction by incorporating the amount-in-controversy requirement of the Tucker Act. *U.S. v. Anasae International Corporation*, 197 F.Supp. 926 (S.D.N.Y.1961). *See also* dictum language in *United States v. O'Neil*, 709 F.2d 361, 375 (5th Cir.1983); *Raines v. Block*, 599 F.Supp. 196 (D.Colorado 1984). Without regard to provisions of the CCC Charter Act, a plaintiff cannot bring a contract claim in excess of $10,000.00 against the United States in the federal district court, as the Court of Claims is, by statute, the exclusive forum for the adjudication of such claim.[3] The plaintiffs do not contest the fact that their claims each exceed $10,-000.00. Accordingly, the Court lacks subject matter jurisdiction to adjudicate plaintiffs' claims.

■ Although the defendants moved to dismiss this case, the Court finds that a more appropriate resolution, in the interest of justice and judicial economy, is to transfer this case to the Claims Court in Washington, D.C. Section 1406(c) of Title 28 of

2. The underscore indicates the language added by the 1949 amendment. The amendment also changed the statute of limitation from four to six years in order to place the CCC in the same position as other government agencies (*see* H.R. Rep. 81–418, 81st Congress, 1st Sess. at 8–9 (April 9, 1949), U.S.Code Cong.Service 1949, p. 1328, and allowed the pleading of counterclaims or set-offs which would otherwise have been barred by limitation.

3. Plaintiffs cited numerous decisions for the proposition that this Court has jurisdiction regardless of the amount in controversy. The Court finds that these cases are distinguishable from the case at bar, or simply do not interpret the exception outlined in the last sentence of section 714b(c) of the CCC Charter Act. This exception does not apply in cases involving the United States, or the CCC, as a plaintiff. *See U.S. v. McCabe Co.*, 261 F.2d 539 (8th Cir.1958);

*U.S. v. World Transport Ltd.*, 322 F.Supp. 385 (S.D.N.Y.1971); *U.S. v. Westview Grain Co.*, 189 F.Supp. 482 (N.D.Iowa 1960); *U.S. v. McDonald Grain & Seed Co.*, 154 F.Supp. 329 (N.Dakota 1957); *Stone v. United States*, 286 F.2d 56 (8th Cir.1961). Where the plaintiff brought suit against the CCC for a declaratory judgment, the plaintiff was, in effect, in a defending position as to any damage recovery or monetary obligations between the parties. In such a case, this court is of the opinion that the exception in section 714b(c) of the CCC Charter Act does not apply. *See Kraft Foods Co. of Wisconsin v. CCC*, 164 F.Supp. 168, *rev'd in part on other grounds*, 266 F.2d 254 (7th Cir.1959); *St. Paul Fire & Marine Insurance Company v. Commodity Credit Corporation*, 474 F.2d 192 (5th Cir.1973). In the remaining cases, although judgment against the United States or the CCC was rendered by the district court, the opinions contained no discussion of the jurisdictional issue.

the United States Code (1976) provides that "(i)f a case within the exclusive jurisdiction of the Court of Claims is filed in a district court, the district court *shall,* if it be in the interest of justice, transfer such case to the Court of Claims, where the case shall proceed as if it had been filed on the date it was filed in the district court." (*Emphasis added*) *See* also *Russell v. Law Enforcement Assistance Administration of the United States of America,* 637 F.2d 354 (5th Cir.1981); *U.S.A. v. Buiges,* 524 F.Supp. 1288 (S.D.N.Y.1981).

It is, therefore, ORDERED, ADJUDGED and DECREED that this case be TRANSFERRED to the Claims Court; and defendants' motion to dismiss and motion for summary judgment are considered MOOT.