ALIMENTA (USA), INC., and Alimenta Processing Corp., Plaintiffs,

v.

John R. BLOCK, Secretary of Agriculture; Everett Rank, Executive Vice-President, Commodity Credit Corp., and Commodity Credit Corp., Defendants.

Civ. A. No. C86–53A.

United States District Court, N.D. Georgia, Atlanta Division.

June 16, 1986.

Stephen O. Kinnard, Trammell Vickery, Hansell & Post, Atlanta, Ga., for plaintiffs.

Myles Eastwood, U.S. Attorney's Office, Atlanta, Ga., for defendants.

## ORDER OF COURT

MOYE, Chief Judge.

The above-styled action is before this Court on the defendants' motion to dismiss the case or, alternatively, to transfer the case to the United States Claims Court.

The plaintiff in this case filed this action seeking review of the final administrative actions of the United States Department of Agriculture and the Commodity Credit Corporation ("CCC"). These agencies assessed $1,037,336.33 in marketing penalties and $570,222.53 in liquidated damages upon the plaintiffs for their alleged violation of various provisions of the Agricultural Adjustment Act of 1938, the Agricultural Act of 1949, and the regulations promulgated under these acts. The plaintiffs deny that either the statutory provisions or the regulations authorize the assessment of the penalties and damages. The plaintiffs argue that this Court has exclusive original jurisdiction of actions brought against the CCC pursuant to 15 U.S.C. § 714b(c) and 28 U.S.C. § 1331. 15 U.S.C. § 714b(c) provides a waiver of the CCC's sovereign immunity to suit. The defendants argue, however, that the Tucker Act's general limitation upon the district courts' jurisdiction overrides the grant of jurisdiction provided by 15 U.S.C. § 714b(c).

Contrary to the plaintiffs' contentions, this Court believes that the United States is the real party in interest in this action. The Court notes that all capital stock of the CCC is held by the United States, 15 U.S.C. § 714e; any net loss incurred by the corporation is reimbursed from the federal treasury, *id.* at § 713a–11; and, all net realized gain is deposited in the Federal Treasury. *Id.* at § 713a–12. The ultimate goal of this action is to recover a sum of money, which would be payable from the public treasury, in excess of $10,000. The Court is of the opinion that the non-monetary relief which the plaintiff seeks against the various defendants is, at best, a secondary concern.

**852**

Hence, the Court feels that the value of the monetary claim should be determinative for jurisdictional purposes.

 In pertinent part, 15 U.S.C. § 714b(c) provides as follows:

> Any suit by or against the United States as the real party in interest based upon any claim by or against the Corporation shall be subject to the provisions of this subsection (c) to the same extent as though such suit were by or against the Corporation, except that (1) any such suit against the United States based upon any claim of the type enumerated in section 1491 of Title 28, may be brought in the United States Claims Court, and (2) no such suit against the United States may be brought in a district court unless such suit might, without regard to the provisions of sections 714–714p of this title, be brought in such court.

The Court finds that the exception noted above, which comes into play in cases such as this where the United States is the real party in interest, serves to limit federal court jurisdiction by incorporating the amount-in-controversy requirement of the Tucker Act. *Gulf Coast Rice Producers Association v. Block*, 617 F.Supp. 229 (D.C. Tex.1985); *Statz v. United States Department of Agriculture and Commodity Credit Corp.*, Civil Action No. 5–85–59 (D.Minn. 10/9/85) [Available on WESTLAW, DCTU database]. The Tucker Act, in general, provides a limitation on Title 28 U.S.C. § 1331 federal question jurisdiction. *See* 28 U.S.C. § 1491.

The Court is aware of the seeming inconsistency between, on the one hand, reference in the first part of section 714b(c), enacted in 1948, to jurisdiction "without regard to the amount in controversy" and, on the other hand, the last sentence of that section which incorporates the Tucker Act's amount-in-controversy limitation. In order to resolve this inconsistency, one must recall that, until 1948, the general federal question jurisdiction statute, 28 U.S.C. § 1331, had a $10,000 threshold requirement. Hence, it appears that in 1948 Congress intended the grant of

jurisdiction in 15 U.S.C. § 714b(c) to allow the CCC to sue and be sued for small amounts in federal district court. The phrase "exclusive jurisdiction" was intended to keep CCC disputes out of state courts, *see United States v. McCabe Co.*, 261 F.2d 539, 545 (8th Cir.1959), and was not intended to affect the jurisdiction of the United States Court of Claims, now known as the United States Claims Court.

Under these circumstances, this Court lacks subject matter over this action. Rather than outright dismissal, however, this Court, pursuant to 28 U.S.C. § 1631 and in the interests of justice, hereby DIRECTS the clerk of court to TRANSFER this action to the United States Claims Court.