**Jewell BRAGG, Appellant,**

**v.**

**Timothy KEOHANE, L.T. McKnelly, Jerry Walford, and Norm Carlson, Appellees.**

**Appeal No. 87-1066.**

United States Court of Appeals, Federal Circuit.

June 2, 1987.

Margaret M. Heim, Beverly Hills, Cal., argued, for appellant. With her on the brief, were Paul Hoffman, Fred Okrand and Gary Williams, of the ACLU Foundation of Southern Cal., Los Angeles, Cal.

Nanette Rutka Everson, Sp. Counsel, Dept. of Justice, Washington, D.C., argued, for appellees. With her on the brief were Richard K. Willard, Asst. Atty. Gen., Rob-

ert C. Bonner, U.S. Atty., and John F. Cordes, Atty., Dept. of Justice.

Before MARKEY, Chief Judge, and RICH and NIES, Circuit Judges.

### ORDER

NIES, Circuit Judge.

Jewell Bragg, who was removed from her position with the Bureau of Prisons Terminal Island Correctional Facility, appeals the judgment of the United States District Court for the Central District of California dismissing, for lack of jurisdiction, her complaint that the removal action was improper. The defendants are the Director of the Bureau of Prisons and supervisory officials at the prison facility. In her complaint, Bragg challenged her removal, seeking back pay, reinstatement, and injunctive and declaratory relief, on the ground that the employee conduct rules which she was found to have violated were unconstitutional under the first and ninth amendments of the United States Constitution. Bragg appealed the judgment of the district court to the United States Court of Appeals for the Ninth Circuit, which transferred the appeal to this court. This court has exclusive jurisdiction over employee appeals under the Civil Service Reform Act of 1978, codified as amended at 5 U.S.C. §§ 7101–7903 (1982 & Supp. III 1985) (CSRA), with exceptions not pertinent here, as well as over appeals from district courts in cases under the Tucker Act, 28 U.S.C. § 1346(a)(2). *See* 28 U.S.C. § 1295(a)(2) and (9). Having considered these bases for jurisdiction, we conclude that the appeal must be dismissed.

### Discussion

In May 1982, the Bureau of Prisons removed Bragg for violating the Bureau's Rules of Employee Conduct and Responsibility. In particular, the agency removed Bragg for violating the rule against "show[ing] partiality toward or becom[ing] emotionally, physically, or financially involved with inmates [or] former inmates." Bragg appealed her dismissal through the collective bargaining grievance procedure of the Bureau. On October 13, 1982, the arbitrator upheld the Bureau's action in all respects and refused to mitigate the penalty. Under CSRA, Bragg had the right to obtain review of the arbitrator's decision in this court, but she did not do so. After the time for such action, on September 18, 1983, Bragg filed suit in the district court challenging her removal. The district court dismissed Bragg's complaint on the ground that CSRA provides the exclusive statutory remedies for review of Bragg's claim. Accordingly, the court dismissed for lack of subject matter jurisdiction.

### A

■ Bragg argues that the district court was wrong as a matter of law in holding that the CSRA is her exclusive remedy because the CSRA remedies do not adequately protect her constitutional rights. Even if that were correct, which it is not,[1] the district court had no jurisdiction over her suit. In her complaint, Bragg asserted that the district court's jurisdiction was based on federal question jurisdiction, 28 U.S.C. § 1331 (1982), and, with respect to her monetary claims, admits that she is relying on the Tucker Act, 28 U.S.C. § 1346(a)(2). Under 28 U.S.C. § 1346(a)(2), however, the district court loses jurisdiction which it shares with the Claims Court once plaintiff's claim exceeds $10,000. Her back pay claim to her GS–9 position ($21,804 per annum), ostensibly exceeded that amount even at the time she filed suit. In view of the amount of her claim, the district court was without subject matter jurisdiction, *see Bray v. United States*, 785 F.2d 989, 994 (Fed.Cir.1986), and more importantly, from our perspective, the district court's jurisdiction was not based, "in whole or in part, on section 1346 of [Title

---

1. See *Beard v. General Servs. Admin.*, 801 F.2d 1318, 1321 (Fed.Cir.1986), in which this court said it would consider constitutional issues even though raised for the first time on appeal, and *Fiorillo v. Bureau of Prisons*, 795 F.2d 1544 (Fed. Cir.1986), in which this court considered, on appeal from arbitration, a constitutional challenge to another portion of the employee conduct rules challenged here.

28, U.S.C.]." 28 U.S.C. § 1295(a)(2). That being the case, this court has no jurisdiction over Bragg's appeal from the district court judgment.

B

 This court has subject matter jurisdiction over Bragg's appeal by treating her appeal as a petition to review the decision of the arbitrator. Notwithstanding the existence of subject matter jurisdiction to review that decision, this court cannot now exercise such jurisdiction. In order to obtain review of the arbitrator's decision, Bragg was required to petition this court "within 30 days after the date the petitioner received notice of the final order or decision...." 5 U.S.C. § 7703(b)(1). Even treating the filing date of Bragg's complaint in the district court as the date of filing a petition for review in this court, she filed over ten months late. This court has no authority to waive or extend that time period or to address the merits of that decision, which has become a final adverse determination of her right to reinstatement and back pay.[2]

ACCORDINGLY, IT IS ORDERED that the district court dismiss the complaint for the reasons herein.

2. That conclusion disposes of her request that we bifurcate her claim for damage and her claim for reinstatement and remand the latter to the district court.