848 F.2d 1244
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ALIMENTA (USA), INC., and Alimenta Processing Corp.,
Plaintiffs-Appellants,
v.
John R. BLOCK, Secretary of Agriculture; Everett Rank,
Executive Vice- President, Commodity Credit Corp.,
and Commodity Credit Corp., Defendants- Appellees.
 No. 87-1583.
 United States Court of Appeals, Federal Circuit.
 May 3, 1988.
 
 Before PAULINE NEWMAN, ARCHER and MAYER, Circuit Judges.
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 Alimenta (USA), Inc. and Alimenta Processing Corporation (collectively Alimenta) appeal an order of the United States District Court for the Northern District of Georgia, 636 F.Supp. 850 (1986), transferring this case to the United States Claims Court because the district court said it lacked subject matter jurisdiction. This appeal was originally filed with the United States Court of Appeals for the Eleventh Circuit, which transferred it to us. Because this case does not fall within our jurisdiction, we must transfer it back.
 
 
 2
 Under 28 U.S.C. Sec. 1295(a)(2), we have exclusive jurisdiction over appeals from district courts raising nontax claims "if the jurisdiction of [the district] court was based, in whole or in part, on section 1346," subsection (a)(2) of which is the Little Tucker Act. See United States v. Hohri, 107 S.Ct. 2246, 2250 (1987). In Hohri, the Supreme Court held "that a mixed case, presenting both a nontax Little Tucker Act claim and an FTCA [Federal Tort Claims Act] claim, may be appealed only to the Federal Circuit." Id. at 2253 (emphasis added). In an unpublished order the Eleventh Circuit here said, "Pursuant to the recently decided case of United States v. Hohri, ... this appeal is transferred to the Court of Appeals for the Federal Circuit."
 
 
 3
 The Little Tucker Act, 28 U.S.C. Sec. 1346(a)(2), provides, in pertinent part:
 
 
 4
 The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.... [Emphasis added.]
 
 
 8
 Alimenta's claim exceeds $10,000, so the district court could not have had jurisdiction under section 1346(a)(2). Absent that, we do not have jurisdiction because the district court's jurisdiction was not "based, in whole or in part," on section 1346(a)(2). Bragg v. Keohane, 820 F.2d 402, 403 (Fed. Cir.1987); see Bray v. United States, 785 F.2d 989, 994 (Fed.Cir.1986). Hohri is inapplicable.
 
 
 9
 Alimenta did not plead jurisdiction under section 1346 in district court; it said 15 U.S.C. Sec. 714b(c) and 28 U.S.C. Sec. 1331 give the district court exclusive jurisdiction. The court found no jurisdiction because of its analysis of section 714b(c). The government's dubious proposition that the fortuitous existence of unrelated contracts, against which the marketing penalties and liquidated damages have been offset, deprives Alimenta of its district court remedies under the Administrative Procedure Act, or defines the case as one under the Tucker Act, 28 U.S.C. Sec. 1491(a), even if true, is not the same as saying the district court had section 1346 jurisdiction, the sine qua non of ours.
 
 Accordingly, IT IS ORDERED THAT:
 
 10
 The case be transferred to the Court of Appeals for the Eleventh Circuit. Alimenta will have its costs.