862 F.2d 321
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sarah Ann REECE, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent.
 No. 88-3162.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1988.
 
 Before EDWARD S. SMITH, BISSELL and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the arbitrator, dated September 30, 1987, FMCS case No. 87K-04834, sustaining the Veterans Administration's removal of Sarah Ann Reece (Reece) from her position as a clerk-typist, is affirmed.
 
 OPINION
 
 2
 The Government contends that this court lacks jurisdiction over Reece's appeal from the arbitrator's decision because she failed to file her petition for review to this court within the 30-day time limit set forth by 5 U.S.C. Sec. 7703(b)(1) (1982). For purposes of this appeal, we are not persuaded. Reece was acting pro se when she filed her petition for review. That petition, filed on October 20, 1987, although filed with the Merit Systems Protection Board (MSPB) rather than this court, was submitted 20 days after the arbitrator issued his decision. Treating the filing date of Reece's petition to the MSPB as the date of filing with this court, we must conclude that Reece complied with the statutory mandate.
 
 
 3
 Turning to the merits, we carefully reviewed the record and the arguments presented on appeal. Reece has given us no grounds to disturb the arbitrator's decision. Accordingly, on the basis of his opinion, the decision of the arbitrator is affirmed.*
 
 
 
 *
 BISSELL, Circuit Judge, would dismiss the appeal for lack of jurisdiction, see Bragg v. Keohane, 820 F.2d 402, 404 (Fed.Cir.1987), but assuming jurisdiction, would affirm the decision of the arbitrator