6 F.3d 786
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Fitzroy GARDINER, d/b/a Western Trading Enterprises,
Plaintiff-Appellant,
v.
VIRGIN ISLANDS WATER AND POWER AUTHORITY, Defendant-Appellee,
v.
THE FEDERAL EMERGENCY MANAGEMENT AGENCY, The Army Corps of
Engineers and the United States Geological Survey,
Third Party Defendant/Appellant.
 No. 93-1043.
 United States Court of Appeals, Federal Circuit.
 Sept. 2, 1993.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and ARCHER, Circuit Judge.
 DECISION
 SKELTON, Senior Circuit Judge.
 
 
 1
 Plaintiff Fitzroy Gardiner, doing business as Western Trading Enterprises (WTE), and third-party defendant, the United States of America, acting by and through the Federal Emergency Management Agency (FEMA), The Army Corps of Engineers (COE), and The United States Geological Survey (USGS),[1] appeal from a decision of the United States District Court of the Virgin Islands transferring the breach of contract action of the plaintiff against the Virgin Islands Water and Power Authority (WAPA), a public and autonomous corporation of the Government of the Virgin Islands, and transferring the third-party complaint and cross-claim of WAPA against third-party defendant the United States (FEMA, COE and USGS), to the United States Claims Court (claims court).[2] We conclude that inasmuch as plaintiff's breach of contract suit against WAPA was an action between two private parties at the time it was filed, the claims court was without jurisdiction to entertain the suit. Accordingly, the order transferring the case to the claims court by the district court was erroneous and it is reversed and the case is remanded to the district court.
 
 BACKGROUND
 
 2
 When Hurricane Hugo struck the Virgin Islands on September 17, 1989, it wrecked the water supply and distribution system of the island of St. Croix along with its desalination plant, and potable water was not available. The islands do not have rivers from which to obtain water, and before Hugo they depended on rainwater from the mountains and countryside, plus desalination of salt water, as sources of water. After the Hugo destruction of the water system on the island, the water problem was in chaotic condition because of the desperate need for water. WAPA, which had a statutory duty to provide the residents of the islands with an adequate supply of potable water, decided to drill 38 wells and obtain water from them with electric generators and pumps. In order to carry out this plan, WAPA had to acquire the generators and pumps. This was accomplished with the help of FEMA and USGS. Due to civil disorder and looting on the island after the destruction by Hugo, there was great danger of theft of the generators and pumps at the wells. This situation required that the wells be maintained and guarded day and night.
 
 
 3
 Plaintiff Gardiner alleges that at this point in time WAPA contacted him and entered into a contract with him whereby it was agreed that he and his company would provide the security and maintenance for the wells and the machinery used to pump the well water to the surface. This was to be accomplished by using two men at each well 24 hours per day at an agreed hourly rate during the period of the water crisis. The plaintiff performed fully under this contract. He was paid by checks from WAPA on a weekly basis for four weeks in the total sum of $616,538.00. WAPA failed and refused to pay plaintiff from the fifth week until completion of the contract, leaving an unpaid balance due plaintiff of $636,325.00. Plaintiff filed suit on November 30, 1990, against WAPA in the District Court of the Virgin Islands for breach of contract for the collection of the balance of $636,325.00 he alleged WAPA owed him on the contract. The plaintiff did not name the United States as a defendant in his suit and has made no claim against it.
 
 
 4
 WAPA filed a formal answer to plaintiff's suit on January 9, 1991, in which it denied that it had entered into a contract with the plaintiff. On January 25, 1991, WAPA filed a third-party complaint against third-party defendant the United States (FEMA, COE and USGS) in which it alleged that FEMA is an agency of the United States charged with providing emergency relief to areas during and after a disaster, and that COE and USGS were also agents of the United States that assisted FEMA in providing this disaster relief where needed. These three agencies assisted WAPA after Hurricane Hugo in the delivery of water to the residents of St. Croix. WAPA alleged further that COE and USGS, acting as authorized agents of FEMA, entered into the above described contract with the plaintiff, and that FEMA is liable for the value of plaintiff's services. WAPA also alleged that, relying on representations of COE and USGS, it advanced $616,538.00 to plaintiff for services he had performed. WAPA asked for judgment against third-party defendant the United States for this amount and for all sums that may be adjudged against it in favor of the plaintiff.
 
 
 5
 The United States filed a motion to dismiss WAPA's third-party complaint against the third-party defendant, which was granted by the court on April 17, 1991, on the ground that although the complaint was a demand for money due on a contract of over $10,000.00 which belonged in the claims court, the claims court lacked jurisdiction because the suit was between private parties. There was no appeal from this dismissal.
 
 
 6
 On July 12, 1991, after the time had expired for filing an appeal from the dismissal order, WAPA filed a motion to Amend And/or Reinstate A Third-Party Complaint Against The United States of America And To Transfer The Entire Matter To The United States Court of Claims. In this pleading WAPA repeated its claims set forth in its third-party complaint and in addition moved the court to transfer the case to the claims court. The court granted WAPA's motion and transferred the entire case to the claims court on June 30, 1992, pursuant to 28 U.S.C. Sec. 1406(c). In the transfer order the court stated that the claims court did not have jurisdiction over the original action at the time it was filed because it was between private parties, but that the claims court had exclusive jurisdiction over WAPA's third-party contract claim against the United States for more than $10,000.00 and for that reason it may exercise jurisdiction over the entire case. The court reasoned further that strong public policy in favor of judicial economy compelled the court to transfer the entire case to the claims court rather than bifurcate it into two different cases in two different courts. The plaintiff Gardiner appealed to the Third Circuit Court of Appeals from the order of the court transferring the case to the claims court. The Third Circuit Court of Appeals transferred the case to this court.
 
 OPINION
 
 7
 It is well settled that the claims court does not have jurisdiction over suits between private parties. United States v. Sherwood, 312 U.S. 584 (1941). Consequently, as stated by the district court, the claims court did not have jurisdiction of plaintiff's suit at the time it was filed because it was a suit between private parties. Therefore, it was error on the part of the court to transfer the case to the claims court. Title 28 U.S.C. Sec. 1631, which provides for the transfer of cases filed in the wrong court, is of no help to WAPA because it states that if a case is filed in the wrong court it may be transferred to another court if it could have been brought in such other court at the time it was originally filed. The instant case could not have been brought in the claims court when it was filed because it was a suit between private parties.
 
 
 8
 The district court relied on 28 U.S.C. Sec. 1406(c) as it existed prior to 1982 in transferring this case to the claims court. That statute was repealed by Congress in 1982, which was 10 years before the transfer order was issued in this case. Therefore, that statute did not provide the court with authority to transfer the case. The court also relied on the case of United States v. Buiges, 524 F.Supp. 1288 (S.D.N.Y.1981). That case is inapplicable to the instant case because it was decided on the basis of repealed statute 28 U.S.C. Sec. 1406(c) discussed above, and because the two cases are clearly distinguishable on the facts. The case is no authority for the transfer.
 
 
 9
 The transfer was also erroneous because WAPA does not allege in its third-party complaint or in its amended pleading that it has a contract with the United States. Therefore, it has not stated a claim upon which relief may be granted by the claims court.
 
 
 10
 During oral argument, counsel for WAPA stated that WAPA did indeed have a contract with the United States but did not state its provisions nor with whom it was made. If WAPA as a contractor did enter into a contract with the United States, it was required to comply with the provisions of the Contract Disputes Act of 1978 (CDA), 41 U.S.C. Secs. 601 et seq. Under the CDA WAPA was required to certify its claim and submit it to a contracting officer for his approval or disapproval. Failure to do so deprives the claims court of jurisdiction of the claim. Christian Appalachian Project v. United States, 10 Cl.Ct. 595 (1986). WAPA has not alleged that it complied with those requirements. Therefore, the claims court did not have jurisdiction of the alleged contract claim and it was improper for the district court to transfer the claim to that court.
 
 
 11
 Rule 13(g) of the Federal Rules of Civil Procedure (FRCP) provides for the filing of a cross-claim by one party against a co-party but makes no provision for the filing of a cross-claim by a party against a third-party defendant. The United States is not a co-party in this case because it has never been made a defendant by the plaintiff. Accordingly, since the alleged cross-claim is not authorized by the FRCP, and, because it is not a true cross-claim on which the claims court could render a judgment, it was error for the court to transfer the case based on the cross-claim.
 
 
 12
 We have carefully considered the briefs and arguments of counsel, along with pertinent facts and applicable law, and have concluded that the court exceeded its authority in transferring the case to the claims court. Accordingly, the decision of the court is reversed and the case is remanded.
 
 
 
 [1]
 FEMA and USGS are not legal entities and cannot be sued in their own names. Consequently, the real third-party defendant is the United States
 
 
 [2]
 The name of the United States Claims Court was changed to the United States Court of Federal Claims on October 29, 1992. Pub.L. 102-572 Sec. 902