For the reasons stated in the Court's opinion of this date;

**IT IS** this *15th* day of December, 1998 **HEREBY**

**ORDERED** that TEXACO's Motion for Partial Summary Judgment is **DENIED**; and it is **FURTHER ORDERED THAT** CIGNA's Motion for Summary Judgment is **DENIED**.

No costs.

Fitzroy **GARDINER**,: d/b/a Western Trading Enterprises, Plaintiff,

v.

**VIRGIN ISLANDS WATER AND POWER AUTHORITY.**

Civil Action No. 1990–295.

District Court, Virgin Islands, D. St. Croix.

Jan. 4, 1999.

Carey–Anne Moody, John K. Dema, Law Offices of John K. Dema, P.C. St. Croix, USVI, for Plaintiff.

Angela Garner, General Counsel Virgin Islands Water and Power Authority, St. Thomas, USVI, for Defendant.

## OPINION ON BILL OF COSTS

BROTMAN, District Judge, sitting by designation.

Presently before the Court is the bill of costs filed by plaintiff Fitzroy Gardiner ("Gardiner").

## I. *FACTUAL AND PROCEDURAL BACK-GROUND*

This bill of costs is the last piece to be fit into a puzzle of litigation which began back in 1990 when Gardiner filed a complaint for breach of contract against defendant Virgin Islands Water and Power Authority ("WAPA"). Due to the defendant's actions, the path taken by this litigation has not been a smooth one. In the course of its evolution, this case was transferred in its entirety to the United States Court of Federal Claims, appealed to the Third Circuit, transferred to the Federal Circuit, remanded to this Court,[1] decided—partially on summary judgment and partially at trial—by this Court, appealed to the Third Circuit generally, and affirmed by the Third Circuit. *See Gardiner v. Virgin Islands Water and Power Auth.,* 896 F.Supp. 491, Findings of Fact and Conclusions of Law, Civil Action No.1990–295, August 17, 1995; *Gardiner v. Virgin Islands Water and Power Auth.,* 6 F.3d 786, No. 93–1043, 1993 WL 332465 (Fed. Cir. (Virgin Islands), Sept. 2, 1993), *remanded,* 896 F.Supp. 491 (D.Vi.1995), *aff'd,* 145 F.3d 635 (3rd Cir.1998).

---

1. After filing an answer to the plaintiff's complaint, the defendant filed a third-party complaint against the United States, alleging that the contract which supposedly existed between Gardiner and WAPA was actually between Gardiner and several United States agencies. This Court dismissed the third-party complaint, and WAPA did not appeal the dismissal. After the time for filing an appeal from the dismissal had expired, WAPA filed a motion to reinstate the third-party complaint and transfer the entire matter to the United States Court of Federal Claims. This Court granted the defendant's motion. The plaintiff appealed to the Third Circuit which transferred the case to the Federal Circuit. The Federal Circuit remanded the action because it found that the United States Court of Federal Claims lacked jurisdiction. The defendant then filed a motion to dismiss for failure to join an indispensable party which this Court denied.

On summary judgment as to liability, this Court found that a contract existed between Gardiner and WAPA and that WAPA breached the contract. *See Gardiner v. Virgin Islands Water and Power Auth.*, 896 F.Supp. 491, 499–500 (D.Vi.1995). At the subsequent trial on damages, this Court determined that Gardiner had suffered damages in the amount of $1,005,824.00, representing $628,640.00 in contractual damages plus $377,184.00 in simple interest. *See Gardiner v. Virgin Islands Water and Power Auth.*, Order Entering Judgment, August 17, 1995. This Court ordered that WAPA pay Gardiner the amount it found due and owing and instructed Gardiner to file a claim for counsel fees. *See id.*

Gardiner submitted its bill of costs on September 16, 1996. Thereafter, WAPA submitted an opposition brief and Gardiner a reply brief. Gardiner requests that the Court order WAPA to pay counsel fees in the amount of $109,805.50 [2] and expenses in the amount of $4,913.10.

## II. DISCUSSION

### A. WAPA'S IMMUNITY FROM COUNSEL FEE LIABILITY

WAPA argues that the doctrine of governmental immunity shields it from liability for Gardiner's counsel fees. *See* Virgin Islands Water and Power Authority's Opposition to Plaintiff's Bill of Costs ("Opposition Brief") at 2–3. WAPA claims that when it contracted with Gardiner it was acting as an agent of the federal government, specifically of the Federal Emergency Management Agency ("FEMA"), *see id.* at 2, and it is therefore immune from liability for counsel fees unless immunity has been waived by statute. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983). WAPA claims that an assessment of counsel fees against it in the instant case would be an assessment of counsel fees against the United States without the benefit of a statute permitting such an action. *See* Opposition Brief at 2–3.

For WAPA to have acted as an agent of the federal government when it contracted with Gardiner, the federal government would have had to authorize WAPA to do so. *See Gardiner*, 145 F.3d at 644 ("[O]nly those with specific authority can bind the [federal] government contractually; even those persons may do so only to the extent that their authority permits.") In other words, some sort of agreement or contract would have had to exist between WAPA and the federal government by which the federal government gave WAPA authority to contract with Gardiner on its behalf. WAPA already litigated this issue before the Federal Claims Court which found that an enforceable contract did not exist between the federal government and WAPA. *See Gardiner*, 6 F.3d 786, 1993 WL 332465, at *3. In addition, the Third Circuit, in affirming this Court's decision to grant Gardiner's summary judgment motion, found that WAPA had failed to identify any individuals who were authorized to bind the United States. *See Gardiner*, 145 F.3d at 644. Consequently, the Court finds that WAPA is not entitled to immunity from liability for Gardiner's counsel fees and expenses.

### B. AMOUNT OF COUNSEL FEES AND EXPENSES

Pursuant to 5 V.I. § 541(b) (Michie 1997), the Court has discretion to award Gardiner his counsel fees and costs. *See* 5 V.I. § 541(b) ("[T]here shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto.") The amount of counsel fees and costs authorized by this statute is a "fair and reasonable portion of the sum of chargeable costs and reasonable attorney's fees." *See Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, 18 V.I. 275, 278 (D.V.I.1981) (citing *Lucerne Investment Co. v. Estate of Belvedere, Inc.*, 411 F.2d 1205 (3rd Cir.1969)).

---

**2.** Originally, Gardiner requested counsel. fees in the amount of $142,894.50 but adjusted this number downward in response to WAPA's opposition brief in which WAPA argued that counsel fees related to an appeal cannot be reimbursed by a trial court. *See* Virgin Islands Water and Power Authority's Opposition to Plaintiff's Bill of Costs at 3–4; Reply to Opposition to Plaintiff's Bill of Costs at 2. Gardiner's new figure reflects a deduction of those counsel fees directly related to WAPA's Third Circuit appeal. *See* Reply to Opposition to Plaintiff's Bill of Costs at 2.

■ To determine whether the amount of counsel fees requested by Gardiner is reasonable, the Court must first assess the reasonableness of the lodestar amount: the number of hours expended by counsel multiplied by the billing rate. *See id.* Gardiner has requested that the Court order WAPA to pay counsel fees in the amount of $109,805.50. *See* Gardiner's Amended Affidavit, ¶ 3. Gardiner's attorney billed his client for 844.1 hours of work on this case at the following hourly rates:

| John K. Dema, Esq. | $200.00 |
| Carey–Anne Berdan, Esq. | $140.00 |
| Litigation Assistants | $ 75.00 |

*See* Bill of Costs; Gardiner's Amended Affidavit, ¶ 2. The Court finds that these hourly rates are reasonable. *See* Aff. Of Thomas A. Alkon, ¶¶ 15,16 ("The fees claimed ... are certainly within the range of fees charged within this community by experienced litigation firms, of which small group the Law Offices of John K. Dema, P.C. is indisputably a prominent member.") In view of the fact that Gardiner accrued these fees over a five-year period during which the case was very active, the Court also finds reasonable the number of hours for which Gardiner's attorney billed his client.

■ Finally, the Court must determine a fair and reasonable portion of the lodestar. *See Bedford,* 18 V.I. at 280. To do so the Court considers the following criteria:

time and labor required, the novelty and difficulty of the questions involved, the skill requisite to properly conduct the cause [sic], the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation

*Id.* (quoting *Lucerne Investment,* 411 F.2d at 1207). Gardiner spent five years pursuing this action against WAPA. While the case did not involve novel issues of law, plaintiff's counsel demonstrated significant skill in maintaining the Court's focus on the primary issue—that is, WAPA's breach of contract—taking care to prevent the Court from be-

coming distracted by WAPA's arguments regarding the actions of the federal government. *See Gardiner,* 896 F.Supp. at 496–97 ("While defendant expends a great deal of energy examining the actions of the federal government in this matter, the Court finds that, by and large, the actions of the federal government are irrelevant to the question of the alleged contract between Mr. Gardiner and WAPA."). As the Court has already indicated, the rates charged by plaintiff's counsel were reasonable in light of the fees charged by other attorneys in the same legal community. Plaintiff's counsel recovered for his client over $1 million, $628,640.00 for services rendered and $377,184.00 in simple interest, representing a complete victory for Gardiner. Plaintiff's counsel agreed to represent his client on an hourly basis while realizing that payment was not certain due to Gardiner's financial situation. Considering the foregoing, the Court finds it reasonable to order WAPA to pay the full amount of counsel fees requested by Gardiner.

The last thing for the Court to determine is whether the $4,913.10 in costs that Gardiner has requested is reasonable.[3] It finds that they are and will therefore award Gardiner its costs in full.

## III. *CONCLUSION*

For the reasons stated above, the Court grants Gardiner's motion for legal fees in the amount of $114,718.60, representing $109,805.50 in counsel fees and $4,913.10 in costs. The Court will enter an appropriate order.

## ORDER

**THIS MATTER** having come before the Court on the plaintiff's bill of costs; and

The Court having reviewed the submissions of both parties;

For the reasons set forth in the Court's opinion of this date;

**IT IS** on this *4th* day of January, 1999 hereby

---

**3.** The breakdown of costs is as follows:

| | |
| Witness Fee | $ 289.00 |
| Process Service | $ 282.95 |
| Ascii Disks | $  48.20 |
| Transcripts | $2,952.45 |
| Experts | $  40.00 |
| Travel | $ 152.00 |
| Photocopies for Trial | $1,148.50 |

**ORDERED** that plaintiff's bill of costs is **GRANTED;**

**IT IS FURTHER ORDERED** that the defendant pay plaintiff's legal fees in the amount of $114,718.60, representing $109,805.50 in counsel fees and $4,913.10 in costs.