## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

LAKEVIEW LOAN SERVICING, LLC,

PLAINTIFF,

v.

KRISHNA R. SINGH, ITZAMAR SINGH,
AND AURORA LOAN SERVICES,

DEFENDANTS.

Civil No. SX-16-CV-541

ACTION FOR DEBT, FORECLOSURE OF
REAL PROPERTY MORTGAGE, AND
QUIET TITLE

CITE AS: 2021 VI SUPER 79

Appearances:
A.J. Stone III, Esq.
BoltNagi PC
St. Thomas, U.S. Virgin Islands
*For Plaintiff*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶ 1    THIS MATTER came before the Court on Plaintiff Lakeview Loan Servicing, LLC's (hereinafter "Plaintiff") motion for entry of final judgment and order of foreclosure, filed on October 30, 2020.

## BACKGROUND

¶ 2    On September 1, 2016, Plaintiff file a verified complaint against Defendant Krishna R. Singh (hereinafter "Krishna"), Defendant Itzamar Singh (hereinafter "Itzamar"), and Defendant Aurora Loan Services (hereinafter "ALS" and together with Defendant Krishna and Defendant Itzamar, "Defendants") in connection with a promissory note secured by a mortgage on the following property: Plot No. 66 of Estate Hope and Carton Hill, East End Quarter "B", St. Croix, U.S. Virgin Islands (hereinafter "Property"). According to the verified complaint, (i) on July 11, 2014, Krishna executed and delivered to Flagstar Bank, FSB a promissory note promising to pay

the principal amount of $320,585.00, together with interest at the rate of 3.990% per annum (hereinafter "Note"), and the Note was subsequently conveyed to Plaintiff (Compl. ¶ 8); (ii) to secure the payment of the Note, Krishna and Itzamar granted to Flagstar Bank, FSB and Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), as nominee for Flagstar Bank, FSB and its successors and assigns, a first priority mortgage dated July 11, 2014 (hereinafter "Mortgage"), which was duly recorded (Compl. ¶ 11); (iii) the Mortgage provides that Krishna and Itzamar shall pay the amounts due under the Note (Compl. ¶ 12); (iv) on or about June 8, 2016, MERS, for itself and as nominee for Flagstar Bank, FSB, assigned its entire interest in the Property to Plaintiff (hereinafter "MERS Assignment") (Compl. ¶ 13); (v) ALS is a lienholder and currently has a lien recorded against the Property (hereinafter "Aurora Lien") (Compl. ¶ 14); (vi) as of the date of the verified complaint, ALS has not recorded a release of the Aurora Lien despite the fact that the Aurora Lien was fully satisfied, and the Aurora Lien remains "a cloud on title that threatens the priority of [Plaintiff's] first priority lien" (Id.); (vii) on February 1, 2016, Krishna defaulted under the terms and conditions of the Note and the Mortgage (Compl. ¶¶ 17-18); (viii) Plaintiff sent a notice of default to Krishna, but as of the date of the verified complaint, the default has not been cured and Krishna remains in default under the Note and the Mortgage (Compl. ¶¶ 19-20); (ix) pursuant to the terms of the Note and the Mortgage, Plaintiff elected that the whole principal sum with all unpaid accrued interest immediately due and payable (Compl. ¶ 21); (x) as of the date of the verified complaint, the unpaid principal, accrued interest, and other amounts due remain outstanding (Compl. ¶ 22); (xi) under the terms of the Note and the Mortgage, Plaintiff is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it paid with respect to the Property and for reasonable attorney's fees and expenses it incurred to enforce the Note and the Mortgage (Compl. ¶¶ 24-25.) Plaintiff alleged the following causes of action: Count I-debt

(against Krishna and Itzamar), Count II-foreclosure of real property mortgage (against Krishna and Itzamar), and Count III-quiet title (against ALS).

¶ 3    Defendants were thereafter served and when they failed to answer or otherwise defend, default was entered against them on November 23, 2016. On June 6, 2017, Plaintiff filed a motion for default judgment.[1] On April 3, 2019, the Court entered an order whereby the Court granted Plaintiff's motion for default judgment and scheduled a hearing to determine the amount due under the Note and the Mortgage. The Court explained:

> …the Court has not been updated on the amounts due since June 2017 when the Motion was initially filed. As such, the current amount due under the note and mortgage, and for other costs and fees is unclear and it is appropriate to allow the Plaintiff to present its evidence on this issue at a damages hearing before the final judgment is issued.

(April 3, 2020 Order.)

---

[1] The following documents were attached to Plaintiff's June 6, 2017 motion for default judgment: (i) "Memorandum of Law in Support of Motion for Default Judgment," with the accompanying attachments-a copy of the deed for the Property, recorded on July 7, 2014 (Exhibit 1), a copy of the affirmation of Chad Messier, Esq. regarding hourly rates for attorneys in the U.S. Virgin Islands, dated May 6, 2011 (Exhibit 2), a copy of the declaration of Richard H. Dollison, Esq. regarding his hourly rate, dated March 6, 2012 (Exhibit 3), a copy of the declaration of Justin K. Holcombe, Esq. regarding his hourly rates, dated March 6, 2012 (Exhibit 4), a copy of a mortgage, dated January 22, 1990, entered between Dennis Hubbard a/k/a Dennis K. Hubbard and U.S. Small Business Administration, and various documents in connection with the following property: Plot No. 66 Subdivision of Estate Hope Cotton Hill and Cotton Valley, East End Quarter "B", St. Croix, U.S. Virgin Islands, a copy of a letter from Attorney Gerald T. Groner to ALS, dated June 30, 2004, regarding "Dennis Hubbard/Loan No. 0103525481; Plot No. 66 Estate Cotton Valley, St. Croix, V.I.," a copy of check in the amount $54,921.20 payable to ALS, dated June 30, 2004 regarding "Payoff Mortgage Loan No. 0103525481; Dennis Hubbard; Property Address: 66 Cotton Valley, St. Croix, USVI (Hope and Carton Hill), a copy of a letter from ALS to Dennis Schwaab, dated June 25, 2004, regarding "Dennis Hubbard; Loan No. 0103525481; Property Address: 66 Cotton Valley Estate, St. Croix VI," and a copy of a settlement statement between Michael R. Yarnell and Diane T. Mueller-Yarnell as the borrowers and Attorney Gerald T. Groner as the settlement agent, dated June 25, 2004, regarding "66 Estate Hope and Carton Hill, Christiansted, VI 00820" (Exhibit 5); (ii) "Declaration of Amounts Due" by a loan officer with M&T Bank as attorney-in-fact and servicer for Plaintiff, dated May 25, 2017, with the accompanying attachments-a copy of the Note (Exhibit 1), a copy of the Mortgage (Exhibit 2), a copy of the MERS Assignment (Exhibit 2-A), a copy of the notice of default letter, dated May 6, 2016, from M&T Bank to Krishna (Exhibit 3); and a copy of the status reports, as of May 19, 2017, pursuant to Servicemembers Civil Relief Act for Krishna and Itzamar (Exhibit 4); (iii) "Declaration of Counsel in Support of Costs and Attorney's Fees," with the accompanying attachments-a copy of the invoice from BoltNagi PC for services performed in connection with this matter (Exhibit 1); and (iv) proposed "Judgment."

¶ 4    Subsequently, the damages hearing was held on August 1, 2019.[2] On April 15, 2020, Plaintiff file a motion for entry of final judgment and order of foreclosure. On July 9, 2020, Plaintiff filed another motion for entry of final judgment and order of foreclosure. On October 30, 2020, Plaintiff filed this instant motion for entry of final judgment and order of foreclosure. A copy of updated declaration of counsel and support of award of costs and attorney's fees (hereinafter "Updated Declaration") and a copy of the proposed final judgment and order of foreclosure were attached to Plaintiff's October 30, 2020 motion.

## DISCUSSION

¶ 5    In Plaintiff's October 30, 2020 motion, Plaintiff advised the Court that at the damages hearing, "the Court heard testimony and took evidence from Tara Cane, a Banking Officer for M&T Bank, which serves attorney-in-fact and servicer for Plaintiff" and "Cane's testimony established that as of September 1, 2019, there is due and owing to Plaintiff from Defendant Krishna R. Singh the principal sum of $312,505.91; plus accrued interest from January 1, 2016 to September 1, 2019 in the amount of $45,719.52 (with interest accruing at the rate of $1,039.08 per month); plus escrow advances in the amount of $34,925.72; plus pro-rata mortgage insurance premiums in the amount of $958.68; plus accumulated late charges in the amount of $407.52; plus inspections and other property preservation fees and charges in the amount of $28.00; plus a

---

[2] At the August 1, 2019 hearing, testimony was given and the following Plaintiffs' exhibits were identified and admitted: Exhibit A-a copy of a bank note, dated July 11, 2014, Krishna and Flagstar Bank, for a loan in the principal amount of $320,585.00; Exhibit B-a copy of the notice of default letter, dated May 6, 2016, from M&T Bank to Krishna; Exhibit C-a copy of a document titled "MSP Explorer: Payoff Calculation Totals," dated July 29, 2019, for Krishna; Exhibit D-a copy of a document titled "MSP Explorer: Payoff Fees and Per Diem," dated July 29, 2019, for Krishna; Exhibit E-a copy of a document titled "MSP Explorer: Fee Activity Ledger," dated July 29, 2019, for Krishna; Exhibit F-a copy of documents titled "MSP Explorer: History of Corporate Advance Tran," dated July 26, 2019, for Krishna; and Exhibit G-a copy of a document titled "Judgement Figures," dated July 29, 2019, for Krishna.

recoverable balance in the amount of $14,359.00; for a total amount due of $408,904.35." (Motion,

pp. 1-2)

### I. Plaintiff's Motions for Entry of Final Judgment and Order of Foreclosure, Filed on April 15, 2020 and July 9, 2020

¶ 6     Here, the Court finds that Plaintiff implicitly withdrew its prior motions for entry of final

judgment and order of foreclosure, filed on April 15, 2020 and July 9, 2020, when it filed a

subsequent motion for entry of final judgment and order of foreclosure on October 30, 2020. *See*

*Magras v. National Industrial Services, et al.*, 2021 V.U. Super 50U, ¶ 8; *see also, In re Refinery*

*Dust Claims*, 72 V.I. 256, 290 (Super. Ct. Dec. 13, 2019) (citing *Mitchell v. Gen. Eng'g Corp.*, 67

V.I. 271, 278 (Super. Ct. Feb. 23, 2017) ("a motion can also be deemed withdrawn based on certain

actions or inactions of the party who filed the motion"). As such, Plaintiff's prior motions for entry

of final judgment and order of foreclosure, filed on April 15, 2020 and July 9, 2020, will be deemed

withdrawn.

### II. Plaintiff's Motion for Entry of Final Judgment and Order of Foreclosure, Filed on October 30, 2020

¶ 7     As noted above, the Court had previously granted Plaintiff's motion for default judgment

but the Court did not enter judgment at the time because "the current amount due under the note

and mortgage, and for other costs and fees is unclear." (April 3, 2020 Order.) As such, the only

issue before the Court is the amount due under the Note and the Mortgage. Based on the Plaintiff's

submissions, the Court finds that, as of September 1, 2019, Krishna and Itzamar owe Plaintiff in

the total amount of $408,904.35,[3] with interest accruing at the rate of $1,039.08 per month.

---

[3] $312,505.91 (principal sum), plus $45,719.52 (accrued interest from Jan. 1, 2016 to September 1, 2019), plus $34,925.72 (escrow advances), plus $958.68 (pro rata mortgage insurance premiums, plus $407.52 (late charges), plus $28.00 (inspections and other property preservation fees), and plus $14,359.00 (recoverable balance for corporate advances).

¶ 8     The Court will grant Plaintiff's motion for entry of final judgment and order of foreclosure, filed on October 30, 2020, and enter final judgment as follows: (i) as to Plaintiff's debt claim, Plaintiff will be awarded a judgment in its favor and against Krishna and Itzamar as follows: principal sum in the amount of $312,505.91, plus accrued interest from January 1, 2016 to September 1, 2019 in the amount of $45,719.52, plus escrow advances in the amount of $34,925.72, plus pro-rata mortgage insurance premiums in the amount of $958.68, plus accumulated late charges in the amount of $407.52, plus inspections and other property preservation fees and charges in the amount of $28.00, plus a recoverable balance in the amount of $14,359.00, for a total amount due of $408,904.35, with interest accruing at the rate of $1,039.08 per month, (ii) as to Plaintiff's foreclosure claim, Plaintiff will be awarded a judgment of foreclosure upon the Property, and (iii) as to Plaintiff's quite title claim, Plaintiff will be awarded a judgment quieting title in the Property in its favor and against ALS.

### III.     Costs

¶ 9     Although Plaintiff did not file a separate motion for costs, in the Updated Declaration, A.J. Stone III, Esq., counsel for Plaintiff, made the following declarations under the penalty of perjury: (i) Plaintiff is entitled to an award of costs, including reasonable attorney's fees, pursuant to the Note, the Mortgage, Rule 54 of the Virgin Islands Rules of Civil Procedure, and Title 5 V.I.C. § 541, (ii) he reviewed the itemized invoice attached to the Updated Declaration and "the items are correct," "the services set forth therein were actually and necessarily performed," and "these disbursements were necessarily incurred in the action," (iii) the billing rate for A.J. Stone III, Esq. and Adam N. Marinelli, Esq. is $250.00 per hour, (iv) any duplication of the entries in the itemized invoice attached to the Updated Declaration "was directly related to [his] supervision of Attorney Marinelli in the prosecution of this matter," and (v) the "total amount of time spent in this matter

from its inception through April 14, 2020 is 50.80 hours" and "the total amount of attorneys' fees incurred in this matter for billable work is $13,152.50, and the total amount of costs expended in this action is $881.00." (Updated Decl.) However, the itemized invoice (hereinafter "Itemized Invoice") attached to the Updated Declaration paints a slightly different picture—to wit, it shows that: (i) "AJS," presumably for "A.J. Stone III, Esq." and "AM," presumably for "Adam N. Marinelli, Esq.," charged $300.00 per hour in this matter, (ii) "FRM" and "GB," presumably paralegals, charged $125.00 per hour in this matter; (iii) the total amount of time spent in this matter from inception through April 13, 2020 is 50.80 hours, (iv) the total amount of fees incurred in this matter from inception through April 13, 2020 is $14,033.50, and (v) the total amount of costs expended in this matter from inception through April 13, 2020 is $2,738.00.

¶ 10    For any discrepancies between the Updated Declaration and the Itemized Invoice that cannot be reconciled, the Court will either accept A.J. Stone III, Esq.'s declaration thereto as true since it was declared under the penalty of perjury and/or accept the lesser amount since Plaintiff failed to provide adequate accounting that can be readily understood to support its claim for costs. *See* V.I. R. Civ. P. 54(d)(1)(C) ("A bill of costs shall precisely set forth each item thereof, so that the nature of the charge can be readily understood..."). As such, the Court finds the following: (i) A.J. Stone III, Esq. and Adam N. Marinelli, Esq.'s hourly rate in this matter is $250.00, (ii) the paralegals' hourly rate in this matter is $125.00, (iii) the total amount of time spent in this matter from inception through April 13, 2020 is 50.80 hours, which includes the time spent by the attorneys (48.3 hours) and the paralegals (2.2 hours), (iv) the total amount of fees incurred in this matter from inception through April 13, 2020 is $12,350.00 ($12,075.00 in attorney's fees and $275.00 in paralegal's fees), (v) the total amount of costs expended in this matter from inception

through April 13, 2020 is $881.00 for transportation fees, title search fees, recording fees, filing fees, and process server fees.

¶ 11    The Court will note at the outset that Plaintiff is the prevailing party in this matter based on the Court's finding that Plaintiff is entitled to a judgment by default. The Court further notes that this is not a frivolous personal injury action. Thus, Title 5 V.I.C. § 541 does not prohibit the award of attorney's fees in this matter. *See* Title 5 V.I.C. § 541(b) ("...the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous.").

### A. Attorney's Fees, Paralegal's Fees, and Other Costs

¶ 12    Pursuant to Title 5 V.I.C. § 541, a prevailing party may recover costs, including attorney's fees, in a civil action. *See Kalloo v. Estate of Small*, 62 V.I. 571, 579 (V.I. 2015) ("By generally allowing a prevailing party to recover attorney's fees, section 541 serves as an exception to the "American Rule" against shifting fees to the losing party, which serves as the general rule in most United States jurisdictions."). Title 5 V.I.C. § 541(a) provides that the "[c]osts which may be allowed in a civil action include: (1) Fees of officers, witnesses, and jurors; (2) Necessary expenses of taking depositions which were reasonably necessary in the action; (3) Expenses of publication of the summons or notices, and the postage when they are served by mail; (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; (5) Necessary expense of copying any public record, book, or document used as evidence on the trial; and (6) Attorney's fees as provided in subsection (b) of this section." Title 5 V.I.C. § 541(a); *see also*, V.I. R. Civ. P. 54(d)(1)(B) ("As provided in 5 V.I.C. § 521(b) and § 541, costs which may be allowed in a civil action include: (i) Fees of officers, witnesses, and jurors; (ii) Necessary expenses of taking depositions which were reasonably necessary in the action; (iii) Expenses of publication of the

summons or notices, and the postage when they are served by mail; (iv) Compensation of a master

as provided in Rule 53; (v) Necessary expense of copying any public record, book, or document

used as evidence on the trial; and (vi) Attorney's fees as provided in subpart (d)(2) of this Rule.")

Under Title 5 V.I.C. § 541 and Rule 54 of the Virgin Islands Rules of Civil Procedure, Plaintiff

would not be permitted to recover paralegal's fees[4] and costs not listed therein. However, under

the Note, Plaintiff "may require [Krishna] to pay costs and expenses including reasonable and

customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law"

(Note ¶ 6(C).), and under the Mortgage, Plaintiff "shall be entitled to collect all expenses incurred

in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable

attorneys' fees and costs of Court." (Mortgage ¶ 18.) As such, the Court finds that Plaintiff is

entitled to recover the attorney's fees, the paralegal's fees, and all the costs regardless of whether

they are listed under Title 5 V.I.C. § 541(a) and Rule 54 of the Virgin Islands Rules of Civil

Procedure. *See* Title 5 V.I.C. § 541(b) ("The measure and mode of compensation of attorneys shall

be left to the agreement, express or implied, of the parties."); *see also, Roy v. Poleon*, 2018 V.I.

LEXIS 136, at *2 (V.I. Super. Ct. Dec. 14, 2018) ("Absent agreement by the parties, it is in a

court's discretion to allow to a prevailing party such sums incurred in maintaining an action at trial

or defense thereto.").

---

[4] In *Williams v. United Corp.*, the Virgin Islands Supreme Court found that paralegal's fees are "of the same nature" as attorney's fees without explicitly holding that paralegal's fees could be included as part of attorney's fees under Title 5 V.I.C. § 541; instead, the Virgin Islands Supreme Court held that "paralegal fees is disallowed" because they have already determined that attorney's fees may not be awarded as part of costs on appeal of personal injury cases. 2009 V.I. Supreme LEXIS 1, at *8 (V.I. Jan. 7, 2009).

### B. Reasonable Attorney's Fees

¶ 13    In *Kalloo*, the Virgin Islands Supreme Court noted that "attorney's fees awards should represent a fair and *reasonable* portion of ... [the] attorney's fees incurred in the prosecution or defense of the action, and not [necessarily] the whole amount charged by the attorney." 62 V.I. at 584 n.11 (internal quotations and citation omitted) (emphasis in original). In *Judi's of St. Croix Car Rental v. Weston*, the Virgin Islands Supreme Court, in considering the reasonableness of the attorney's fees, found guidance in the factors discussed by the Appellate Division of the District Court of the Virgin Islands in *Andrew Evans v. R&G Mortgage Corp.*, D.C. Civ. App. No. 2003/126 (D.V.I. App. Jan. 10, 2007) — namely: "the time and labor required, the novelty and difficulty of the issues involved, the level of skill needed to properly conduct the case, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of compensation."[5] 2008 V.I. Supreme LEXIS 21,*3 (V.I. 2008). The language of Title 5 V.I.C. § 541 and case law are clear that it is within the Court's discretion to award attorney's fees and costs and to determine the amount to be awarded. Title 5 V.I.C. § 541; *Kalloo*, 62 V.I. at 584 n. 11 (noting that a trial judge has discretion in determining reasonable attorney's fees and costs); *see also, Meyers v. Derr*, 2017 V.I. LEXIS 140, *1 (Super. Ct. Aug. 29, 2017).

¶ 14    First, the Court reviews the time and labor expended in this matter. According to the Updated Declaration and the Itemized Invoice, 48.3 hours were expended in this matter—to wit,

---

[5] While the *Judi's* court addressed the reasonableness of the attorney's fees requested pursuant to Supreme Court Rule 30, the Court nevertheless finds its analysis helpful here. Thus, the Court will consider the factors discussed in *Judi's* when determining the reasonableness of the attorney's fees under Title 5 V.I.C. § 541.

draft and file the initiating documents and motions, review documents, research, prepare and appear for the damages hearing, and correspond with client and the Court. The Court finds the services rendered and the time spent by Plaintiff's counsel to be reasonable.

¶ 15    Second, the Court evaluates the novelty and difficulty of the issues involved. The Court finds that the issues involved herein were neither novel nor complex, given that it is a straightforward, simple, uncontested action for debt and foreclosure and quiet title.

¶ 16    Third, the Court evaluates the level of skill required of counsel to properly conduct the case. As the Court noted, this matter is a straightforward, simple, action for debt and foreclosure and quiet title. This means that counsel was only required to have a basic understanding of the local statute on debt and foreclosure, the Virgin Islands Rules of Civil Procedure, and some basic drafting skills to properly conduct this case. The Court finds that this matter did not require a high degree of skill by counsel.

¶ 17    Fourth, the Court compares the hourly rate charged in this matter with the customary charges of Virgin Islands attorneys. As noted above, A.J. Stone III, Esq. and Adam N. Marinelli, Esq.'s hourly rate in this matter was $250.00, which is an acceptable rate when compared to the customary and prevailing market rates charged in the Virgin Islands. *See e.g., High Times VI Enterprises, LLC*, 2021 V.I. Super 42, at ¶ 26 ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Bank of Am., N.A. v. Taylor*, 2019 V.I. LEXIS 173, at *4-5 (Super. Ct. Sept. 9, 2019) (finding the attorney's hourly rate of $350.00 to be consistent with the hourly rates of a trial counsel who "has been practicing law for 37 years and was admitted to the Virgin Islands Bar in 2005"); *Freund v. Liburd*, 2017 V.I. LEXIS 184, at *6 (Super. Ct. Dec. 20, 2017) (finding the attorneys' hourly rate of $250.00 and the managing

attorney's hourly rate of $350.00 "consistent with the customary charges of similarly experienced attorneys of the Virgin Islands Bar"); *Yearwood Enters. v. Antilles Gas Corp.*, 2017 V.I. LEXIS 171, *5 (Super. Ct. Dec. 5, 2017) (finding the hourly rate of $350.00 is "in line with the customary and prevailing market rates for attorneys in the Virgin Islands"); *Interocean Ins. Agency v. Joseph*, 2014 V.I. LEXIS 73, *10 (Super. Ct. Sept. 12, 2014) (unpublished) (the court accepted the attorney's hourly rates of $350.00 for in-court services and $300.00 for other services as "fair and reasonable for an attorney with his experience and record").

¶ 18 Fifth, the Court considers the amount in controversy and the attorney's fees requested. Here, the amount in controversy was $408,904.35 and the attorney's fees requested, as adjusted by the Court, was $12,075.00. The Court finds that the relationship between the amount in controversy and the attorney's fees requested to be within reason. *See Judi's*, 2008 V.I. Supreme LEXIS 21 at *3 (finding that the attorney's fees is unlikely to be reasonable when the attorney's fees requested was almost four times the amount in controversy).

¶ 19 Sixth, the Court considers the benefits resulting to Plaintiff from the services. Here, as the result of the services rendered by Plaintiff's counsel, Plaintiff obtained a favorable outcome— namely, a default judgment granted in favor of Plaintiff and against Defendants on all three counts alleged in Plaintiff's verified complaint. The Court finds that Plaintiff benefited from the service of its counsel.

¶ 20 Finally, the Court considers the contingency or certainty of compensation. Given that Plaintiff was charged at the hourly rate of $250.00 and $125.00, it appears that Plaintiff and Plaintiff's counsel did not have a contingency fee agreement.

¶ 21    Based on the Court's analysis of the factors set forth in *Judi's*, the Court finds the attorney's fees sought by Plaintiff, as adjusted by the Court, to be reasonable and will not make any further adjustments.

### C. Reasonable Paralegal's Fees

¶ 22    Given that the Virgin Islands Supreme Court has found that paralegal's fees are of the same nature as attorney's fees,[6] the Court will similarly consider the factors discussed above, with slight adjustments as needed, to determine the reasonableness of the paralegal's fees requested. First, the Court reviews the time and labor expended in this matter. According to the Itemized Invoice, 2.2 hours were expended in this matter—to wit, draft documents and correspond with process server and the Court. The Court finds the services rendered and the time spent by the paralegals to be reasonable. Second, the Court evaluates the novelty and difficulty of the issues involved. The Court finds that the issues involved in the tasks given to the paralegals were neither novel nor complex— to wit, the paralegals were assigned straightforward and simple tasks. Third, the Court evaluates the level of skill required of paralegals. As the Court noted, the paralegals were assigned straightforward and simple tasks and thus, a high degree of skill was not required. Fourth, the Court compares the hourly rate charged in this matter with the customary charges of Virgin Islands paralegals. It is unclear what is the customary and prevailing market rates charged by Virgin Islands paralegals. *In re Estate of Benjamin*, the court noted:

> ...case law is unclear as to a reasonable hourly rate for both paralegal and legal assistant services. *Compare LPP Mortg., Ltd. v. Ferris*, 2014 U.S. Dist. LEXIS 74599, at *26 n.3 (D.V.I. June 2, 2014) (approving paralegal hourly rates ranging from $120 to $150) with *M & NM & N Aviation, Inc. v. United Parcel Service, Inc.*, 2014 U.S. Dist. LEXIS 37383, at *24 (D.V.I. Mar. 21, 2014) (approving paralegal hourly rate of $55.00) and *Gardiner v. Virgin Islands Water & Power Auth.*, 32 F. Supp. 2d 816, 819 (D.V.I. 1999) (approving legal assistant hourly rate of $75.00); cf. *Equivest St. Thomas, Inc. v.*

---

[6] *See supra*, footnote 4.

*Virgin Islands*, 2004 U.S. Dist. LEXIS 26256, at \*28-29, 46 V.I. 447 (D.V.I. Dec. 31, 2004) (approving paralegal hourly rate of $95 under 42 U.S.C. § 1988).

70 V.I. 110, 118 (Super. Ct. 2019) (quoting *MRL Development, LLC v. Whitecap Investment Corporation*, 2017 U.S. Dist. LEXIS 46211, at \*11 (D.V.I. March 23, 2017)).

In this instance, based on the records, the Court finds the paralegals' hourly rate of $125.00 reasonable for the tasks they were assigned. *See In re Estate of Benjamin*, 70 V.I. 110, 118 (Super. Ct. 2019) ("The paralegals' hourly legal rate set forth in Attorney Kellerhals' motion between $135.00 and $80.00 appears reasonable, especially when the Court considers that the lower rate was used for reviewing pleadings, while the higher rate was used for drafting court documents."). Fifth, the Court considers the amount in controversy and the paralegal's fees requested. As noted above, the amount in controversy was $408,904.35 and the paralegal's fees requested was $275.00. The Court finds that the relationship between the amount in controversy and the paralegal's fees requested to be within reason. Sixth, the Court considers the benefits resulting to Plaintiff from the services. Here, as the result of the services rendered by the paralegals, documents were drafted and filed, and Defendants were properly served. The Court finds that Plaintiff benefited from the service of the paralegals. Finally, the Court considers the contingency or certainty of compensation. As noted above, given that Plaintiff was charged at the hourly rate of $250.00 and $125.00, it appears that Plaintiff and Plaintiff's counsel did not have a contingency fee agreement. Based on the Court's analysis of the factors above, the Court finds the paralegal's fees sought by Plaintiff to be reasonable and will not make any adjustments.

¶ 23    Based on the foregoing, the Court will award Plaintiff costs in the total amount of $13,231.00.[7]

---

[7] $12,075.00 (attorney's fees), plus $275.00 (paralegal's fees), and plus $881.00 (other costs).

## CONCLUSION

¶ 24    The Court will grant Plaintiff's motion for entry of final judgment and order of foreclosure, filed on October 30, 2020. Additionally, the Court will close this matter since there are no other pending issues herein. An order and judgment consistent with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 28th day of July, 2021.

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____

Court Clerk Supervisor II

Dated: July 28, 2021

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

LAKEVIEW LOAN SERVICING, LLC,

PLAINTIFF,

v.

KRISHNA R. SINGH, ITZAMAR SINGH,
AND AURORA LOAN SERVICES,

DEFENDANTS.

Civil No. SX-16-CV-541

ACTION FOR DEBT, FORECLOSURE OF
REAL PROPERTY MORTGAGE, AND
QUIET TITLE

CITE AS: 2021 VI SUPER 79

Appearances:
A.J. Stone III, Esq.
BoltNagi PC
St. Thomas, U.S. Virgin Islands
*For Plaintiff*

## ORDER AND JUDGMENT

WILLOCKS, Presiding Judge

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff Lakeview Loan Servicing, LLC's (hereinafter "Plaintiff") motion for entry of final judgment and order of foreclosure, filed on April 15, 2020 and July 9, 2020, are **DEEMED WITHDRAWN**. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's motion for entry of final judgment and order of foreclosure, filed on October 30, 2020, is **GRANTED**. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded final judgment in its favor and against Defendant Krishna R. Singh and Defendant Itzamar Singh as follows: principal sum in the amount of $312,505.91, plus accrued interest from January 1, 2016 to September 1, 2019 in the amount of $45,719.52, plus escrow advances in the amount of $34,925.72, plus pro-rata mortgage insurance premiums in the amount of $958.68, plus

accumulated late charges in the amount of $407.52, plus inspections and other property preservation fees and charges in the amount of $28.00, plus a recoverable balance in the amount of $14,359.00, for a total amount due of $408,904.35, with interest accruing at the rate of $1,039.08 per month. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded attorney's fee in the amount of $12,075.00, plus paralegal's fees in the amount of $275.00, plus other costs in the amount of $881.00, for a total amount due of $13,231.00. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded a judgment of foreclosure upon Plot No. 66 of Estate Hope and Carton Hill, East End Quarter "B", St. Croix, U.S. Virgin Islands (hereinafter "Property"), which shall be sold in a public sale held by the Office of the Superior Court Marshal. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded a judgment quieting title in the Property in its favor and against Defendant Aurora Loan Services, and the lien recorded against the Property by Defendant Aurora Loan Services shall be and is hereby **EXTINGUISHED**. And it is further:

**ORDERED** that this matter is hereby **CLOSED**.

**DONE and so ORDERED** this _28th_ day of July, 2021.

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: _July 28, 2021_